Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff Guru Denim, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURU DENIM, INC., a California Corporation dba TRUE RELIGION BRAND JEANS,<br><br>Plaintiff,<br>vs.<br><br>JR JEANS USA, an unknown business entity; RICH COWBOY USA, INC., a California Corporation; PEI QUN QI, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV11-01059 SVW (FFM)<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br>2. **FALSE DESIGNATIONS OF ORIGIN AND FALSE ADVERTISING;**<br>3. **FEDERAL TRADEMARK DILUTION;**<br>4. **TRADEMARK DILUTION UNDER CALIFORNIA LAW;**<br>5. **COMMON LAW UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Guru Denim, Inc. dba True Religion Brand Jeans for its claims against Defendants JR Jeans USA, Rich Cowboy USA, Inc., and Pei Qun Qi (collectively "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark counterfeiting and infringement, and trademark dilution under the Lanham Trademark Act of 1946,

15 U.S.C. §1051 et seq. (the "Lanham Act") and related claims of unfair competition and trademark dilution under the statutory and common law of the state of California. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.      This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district.

3.      This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing infringing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4.      Plaintiff Guru Denim, Inc. dba True Religion Brand Jeans (hereinafter "Guru") is a corporation duly organized and existing under the laws of the state of California with an office and principal place of business at 2263 East Vernon Avenue, Vernon, California 90058.

5.      Upon information and belief, Defendant JR Jeans USA is an unknown business entity with an office and principal place of business at 1150A Santee Alley, Los Angeles, California 90015.

6.      Upon information and belief, Defendant Rich Cowboy USA, Inc. is a corporation duly organized and existing under the laws of the state of California with an office and principle place of business at 1301 South Main Street, Los Angeles, CA 90015.

7.      Upon information and belief, Defendant Pei Qun Qi is an individual residing in this judicial district and/or conducting business at Rich Cowboy USA, Inc.

8.      Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will

1  seek leave to amend this complaint when their true names and capacities are
2  ascertained. Plaintiff is informed and believes and based thereon alleges that said
3  Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the
4  wrongs alleged herein, and that at all times referenced each was the agent and servant
5  of the other Defendants and was acting within the course and scope of said agency and
6  employment.
7      9.  Plaintiff is informed and believe, and based thereon alleges, that at all
8  relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or
9  reasonably should have known of the acts and behavior alleged herein and the damages
10 caused thereby and, by their inaction, ratified and encouraged such acts and behavior.
11 Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a
12 non-delegable duty to prevent or cause such acts and the behavior described herein,
13 which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to
14 perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     The True Religion Brand and its Famous "U" Mark**

17     10.  True Religion Brand Jeans ("True Religion") was the creation of husband
18 and wife designers Jeffrey and Kym Lubell, who combined his love of classic rock and
19 her love of hip-hop and R&B to produce a trendsetting line of denim apparel.
20     11.  True Religion is a company that has been in the business of designing,
21 manufacturing, distributing and selling high quality apparel since December 2002.
22 Since its inception, True Religion has emerged as a global power in men's, women's
23 and children's fashion with worldwide sales and distribution.
24     12.  The True Religion line was introduced in 2002 to consumers around the
25 world. Celebrities and entertainers such as Kate Beckinsale, David Beckham, Sarah
26 Chalke, Courtney Cox, Faith Evans, Jennifer Garner, Heather Graham, Kate Hudson,
27 Angelina Jolie, Heidi Klum, Nick Lachey, Jennifer Lopez, Madonna, Chad Michael
28 Murray, Gwyneth Paltrow, Jessica Simpson, Jada Pinkett Smith, Gwen Stefani, Justin

1  Timberlake, Usher, Bruce Willis, and the Cast of Desperate Housewives are among the
2  many enthusiasts of True Religion Brand Jeans.
3       13.   The True Religion apparel line has been praised and recognized in
4  numerous articles appearing in both trade publications and publications directed to the
5  general public. Publications such as Elle, Bazaar, InStyle, New York Times, Los
6  Angeles Magazine, GQ, Lucky, Men's Health, People, Rolling Stone, Teen People,
7  Teen Vogue, US Weekly, and Vogue have all recently featured True Religion Brand
8  Jeans Apparel.
9       14.   True Religion has distinguished itself as a leader in the high-end denim
10 market for men, women and kids by its fashion-forward seams, remarkable embroidery
11 and hand-sanded vintage washes.
12      15.   Guru is the owner of the trademark registrations for word mark "TRUE
13 RELIGION" (registrations include but are not limited to U.S. Reg. Nos. 3,628,973 and
14 3,162,614) and "TRUE RELIGION BRAND JEANS" (registrations include but are
15 not limited to U.S. Reg. Nos. 2,761,793 and 3,120,797) as well as various composite
16 trademarks comprising said word marks and assorted design components (collectively
17 "True Religion Marks").
18      16.   Amongst the many True Religion Marks, one of the most well-known and
19 recognized marks is the "U" Mark. Guru has used the "U" Mark in association with
20 the sale of goods, including jeans, jackets, and shorts, since as early as 2002. The "U"
21 Mark was first registered at the U.S Patent and Trademark office in 2006. Since then,
22 Guru has used and registered variations of the "U" Mark with the United States Patent
23 and Trademark Office, which include *but are not limited to* the following:

            

(U.S. Reg. No. 3,561,466)            (U.S. Reg. No. 3,147,244)



(U.S. Reg. No. 3,482,001)                    (U.S. Reg. No. 3,568,127)

17. The "U" Mark is inherently distinctive, nonfunctional, and serves to identify Guru's True Religion brand as the source/origin of the goods on which they appear.

18. True Religion-branded products and their packaging all prominently bear the True Religion Marks, including the "U" Mark, which is featured on the pocket flap of True Religion denim.

19. Each of the True Religion Marks, including the "U" Mark, has been continually used in commerce since its respective date of first issue.

20. Because of Guru's extensive use of the True Religion Marks, True Religion has built up significant goodwill therein. The success of Guru's marketing efforts is evidenced by, among other things, the True Religion Brand Jeans® products and the unsolicited media attention that the True Religion brand has received.

21. Plaintiff's products are distributed throughout the United States and in numerous foreign countries.

22. Due to Guru's long use, extensive sales, and significant advertising and promotional activities, the True Religion Marks, including the "U" Marks, have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

**B.    Defendants' Infringing Use of the "U" Mark**

23. In January of 2011, jeans bearing pocket designs identical and/or substantially indistinguishable from True Religion's "U" Mark ("Infringing Products")

were purchased from Defendant JR Jeans USA, located at 1150A Santee Alley, Los Angeles, California 90015.

24. Upon information and belief, Defendant Rich Cowboy USA, Inc. is the supplier, distributor, and/or manufacturer of the Infringing Products obtained from JR Jeans USA.

25. Upon information and belief, Defendant Pei Qun Qi is the active, moving, conscious force behind the alleged infringing activities of Defendant Rich Cowboy USA, Inc.

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement – 15 U.S.C. § 1114)

26. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

27. Plaintiff's "U" Mark is nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from the True Religion brand.

28. The registrations embodying the "U" Mark are in full force and effect and Plaintiff has authorized responsible manufacturers and vendors to sell merchandise with these marks.

29. Defendants' unauthorized use of the "U" Mark in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods and are of the same quality as that assured by Plaintiff's True Religion Marks.

30. Defendants' use of the "U" Mark is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

31. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced,

1  sponsored, authorized, licensed or is otherwise connected or affiliated with
2  Defendants' commercial and business activities, all to the detriment of Plaintiff.
3      32.  Upon information and belief, Defendants' acts are deliberate and intended
4  to confuse the public as to the source of Defendants' goods or services and to injure
5  Plaintiff and reap the benefit of Plaintiff's goodwill associated with the True Religion
6  Marks.
7      33.  As a direct and proximate result of Defendants' willful and unlawful
8  conduct, Plaintiff has been injured and will continue to suffer injury to its business and
9  reputation unless Defendants are restrained by this Court from infringing Plaintiff's
10 True Religion Marks.
11     34.  Plaintiff has no adequate remedy at law.
12     35.  In light of the foregoing, Plaintiff is entitled to injunctive relief
13 prohibiting Defendants from using Plaintiff's "U" Mark, or any marks confusingly
14 similar thereto, for any purpose, and to recover from Defendants all damages,
15 including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such
16 infringing acts, and all gains, profits and advantages obtained by Defendants as a result
17 thereof, in an amount not yet known, as well as the costs of this action pursuant to 15
18 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b),
19 and/or statutory damages pursuant to 15 U.S.C § 1117(c).

### SECOND CLAIM FOR RELIEF

**(False Designations of Origin and False Advertising – 15 U.S.C. § 1125(a))**

22     36.  Plaintiff incorporates herein by reference the averments of the preceding
23 paragraphs as though fully set forth herein.
24     37.  Defendants' unauthorized use of Plaintiff's "U" Mark on its merchandise
25 in interstate commerce and advertising relating to same constitutes false designation of
26 origin and a false representation that the goods are manufactured, offered, sponsored,
27 authorized, licensed by or otherwise connected with Plaintiff or come from the same
28 source as Plaintiff's goods when in fact they do not.

38. Defendants' use of Plaintiff's "U" Mark is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

39. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

40. Plaintiff has no adequate remedy at law.

41. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using any of Plaintiff's registered marks, including the "U" Mark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

42. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43. Plaintiff's "U" Mark is "famous" within the meaning of the Lanham Act.

44. Defendants' acts described above have diluted and continue to dilute Plaintiff's unique and distinctive trademarks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, as well as irreparable injury to Plaintiff's goodwill and reputation associated with the value of the "U" Mark.

45. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's "U" Mark became famous.

46. Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute the value of Plaintiff's "U" Mark. Defendants' conduct is willful, wanton and egregious.

47. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

48. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using any of Plaintiff's registered marks, including the "U" Mark, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of California Law)

49. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

50. The "U" Mark is distinctive in the state of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the state of California, and the extensive advertising and wide spread publicity of the marks in the state of California.

51. As a result of the substantial inherent and acquired distinctiveness of the "U" Mark, its extensive use in the state of California, and the extensive advertising and publicity thereof, the "U" Mark has become strong and is widely renowned.

52. The actions of Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of the "U" Mark, which is famous.

53. The foregoing acts of Defendants constitute dilution and injury to business reputations in violation of the California Business and Professions Code.

54. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary

and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

55. By reason of the foregoing, Plaintiff is being damaged by Defendants' unauthorized and illegal use of the "U" Mark in the manner set forth above, and will continue to be damaged unless Defendants are immediately enjoined under Section 14247 of the California Business and Professions Code from using the "U" Mark.

56. Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

57. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

58. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the "U" Mark for any purpose, destruction of the counterfeit merchandise, and recovery of up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing products.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

59. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

60. Plaintiff owns and enjoys common law trademark rights in California and throughout the United States.

61. Defendants' unlawful acts in appropriating rights in Plaintiff's common law trademarks were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of trademarks and logos. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiff.

62. Defendants' unauthorized use of Plaintiff's "U" Mark have caused and is likely to cause confusion as to the source of Defendants' clothing, all to the detriment of Plaintiff.

63. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

64. Defendants' acts constitute unfair competition under California common law.

65. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

66. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

67. Plaintiff has no adequate remedy at law.

68. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using any of Plaintiff's registered marks, including the "U" Mark, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

      (a)   manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear marks identical and/or confusingly similar to the "U" Mark;

      (b)   engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiff;

      (c)   engaging in any other activity that will dilute the distinctiveness of the True Religion Marks;

      (d)   committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

2.   Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

3.   Ordering Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

4.   Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

5.   Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

6. Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

7. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

8. Awarding Plaintiff's statutory damages pursuant to 15 U.S.C. §1117(c);

9. Such other relief as may be just and proper.

DATED: February 3, 2011          BLAKELY LAW GROUP

                                 By: /s/ Cindy Chan
                                 Brent H. Blakely
                                 Cindy Chan
                                 *Attorneys for Plaintiff Guru Denim, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

DATED: February 3, 2011          BLAKELY LAW GROUP

                                 By: /s/ Cindy Chan
                                 Brent H. Blakely
                                 Cindy Chan
                                 *Attorneys for Plaintiff Guru Denim, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV11- 1059 SVW (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Guru Denim, Inc. dba TRUE RELIGION BRAND JEANS

**DEFENDANTS**
JR Jeans USA; Rich Cowboy USA, Inc.;
Pei Qun Qi

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038 Telephone: (323) 464-7400

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement Under Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| | | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-01059

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Guru Denim, Inc.- Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants- Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants- Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 2/3/2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURU DENIM, INC., a California Corporation dba TRUE RELIGION BRAND JEANS, <br><br> PLAINTIFF(S) <br> v. <br><br> JR JEANS USA, an unknown business entity; RICH COWBOY USA, INC., a California Corporation; PEI QUN QI, an individual; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV11-01059 SVW (FFMx) <br><br> **SUMMONS** |

TO: DEFENDANT(S): JR Jeans USA, Rich Cowboy USA, Inc.; Pei Qun Qi

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Blakely Law Group_____, whose address is 915 North Citrus Avenue, Hollywood, CA 90038_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: FEB - 3 2011

Clerk, U.S. District Court

By: JULIE PRADO
    Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)                                **SUMMONS**